SAMUEL R. ELLISON AND PATRICIA K. ELLISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellison v. Commissioner
Docket No. 24315-91
United States Tax Court
T.C. Memo 1994-437; 1994 Tax Ct. Memo LEXIS 439; 68 T.C.M. (CCH) 630; August 25, 1994, Filed *439 Decision will be entered under Rule 155. For petitioners: William J. Hagan. For respondent: Douglas A. Fendrick. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1988 of $ 10,407, and additions to petitioners' Federal income tax for 1988 of $ 520.35 under section 6653(a)(1)(A), [1] and $ 1,967.25 under section 6661. After concessions, the issues for decision are: (1) Whether petitioners are entitled to deduct job expenses and tax preparation fees claimed on Schedule A for 1988. We hold that they are not so entitled. (2) Whether petitioners are entitled to deduct expenses claimed on Schedule C for 1988. We hold that they are so entitled to the extent stated herein. (3) Whether petitioners are liable for an addition to tax *440 due to negligence pursuant to section 6653(a)(1)(A). We hold that they are. (4) Whether petitioners are liable for an addition to tax due to substantial understatement of income tax pursuant to section 6661. We hold that they are. FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Dresher, Pennsylvania. Petitioners are married and filed a joint Federal income tax return for 1988. Patricia K. Ellison (hereinafter petitioner wife) worked as a sales representative for International Business Machines (hereinafter IBM) during the taxable year at issue. Petitioner wife traveled extensively throughout Pennsylvania, Delaware, and New Jersey. Petitioner wife used her own automobile for these travels. Petitioners deducted expenses related to this vehicle for gasoline, oil, repairs, insurance, depreciation, and car rental. Petitioners also deducted expenses for lodging, meals, and entertainment incurred by petitioner wife while calling on clients, and travel expenses incurred by petitioner wife relating to *441 IBM sales meetings in Chicago and Atlanta. All of these expenses were deducted as unreimbursed employee expenses on Schedule A of petitioners' 1988 Federal income tax return. None of these expenses were substantiated by receipts or other documentation. Samuel R. Ellison (hereinafter petitioner husband) worked as an architecture consultant for Johnson Jones, Inc., during January and February of 1988. For the remainder of 1988, petitioner husband worked as a professional servicing consultant; he operated his consulting business as a sole proprietorship, and filed a Schedule C related to this operation with petitioners' 1988 Federal income tax return. On Schedule C, petitioners deducted expenses related to travel, meals and entertainment, rent, supplies, utilities and telephone, and vehicles. None of these expenses were substantiated by receipts or other documentation. Petitioners deducted $ 500 paid for preparation of their tax returns on Schedule A for 1988. This amount was not substantiated. On July 25, 1991, respondent issued a statutory notice of deficiency to petitioners. In the notice, respondent determined deficiencies in and additions to petitioners' 1988 Federal income *442 tax regarding unreported income, the disallowance of deductions, negligence, and substantial understatement of income tax. OPINION Issue 1. Schedule A Deductions
Respondent contends that all amounts deducted on Schedule A as unreimbursed employee expenses and tax preparation fees are nondeductible, because petitioners failed to substantiate these expenditures. Petitioners argue that their testimony at trial adequately substantiated these expenditures, and thus they are entitled to the claimed deductions. Deductions are a matter of legislative grace; a taxpayer seeking a deduction has the burden of proving his or her entitlement to such deduction. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Testimony that a tax return was correct as filed is insufficient to satisfy a taxpayer's burden of proof. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Simmons v. Commissioner, T.C. Memo. 1994-222. Taxpayers are required to maintain records that are sufficient to substantiate claimed deductions. Sec. 6001. Under certain circumstances, where a taxpayer *443 establishes his or her entitlement to a deduction, but does not establish the amount of that deduction, we are permitted to estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be sufficient evidence in the record to permit us to conclude that deductible expenses were incurred in at least the amount allowed. Otherwise, "relief to the taxpayer would be unguided largesse." Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); see Luman v. Commissioner, 79 T.C. 846, 859 (1982). In the case of transportation, travel, and entertainment expenses, section 274(d) overrides the so-called Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274, no deduction otherwise allowable is permitted for expenses incurred for transportation, travel, or entertainment on the basis of any approximation or unsupported *444 testimony of the taxpayer. Pursuant to the stringent substantiation requirements of section 274(d), no deduction for transportation, travel, or entertainment is allowed in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement. The heightened substantiation requirements of section 274(d) also apply with respect to any listed property, as defined in section 280F(d)(4). Section 280F(d)(4)(A)(i) includes as listed property any passenger automobile. Petitioners' Schedule A deduction of unreimbursed employee expenses comprises items that fall within the stringent substantiation requirements of section 274(d) and the accompanying regulations. Accordingly, petitioner wife's oral testimony, in the absence of corroborating documents, is insufficient to overcome respondent's determination that the deductions are improper. Thus, on the instant record, we hold that petitioners are not entitled to any deduction for unreimbursed employee expenses for 1988. Petitioners did not proffer any evidence or testimony regarding the claimed deduction of $ 500 for tax preparation costs. Hence, we sustain respondent's determination as to this item. Issue *445 2. Schedule C Deductions
The dispute regarding Schedule C expenses again centers on substantiation. Respondent argues that petitioners have not adequately corroborated their expenses, while petitioners urge us to accept their oral testimony as substantiation. With respect to the Schedule C expenses for transportation, travel, and entertainment, we again look to the strict requirements of section 274(d). Because petitioners have presented only uncorroborated oral statements regarding these expenses, we hold that these expenses are not adequately substantiated, and, therefore, are nondeductible. With respect to the remainder of petitioners' Schedule C deductions, petitioners failed to present any details that would justify the amounts claimed. Petitioner husband's testimony at trial concerned estimates of his costs. Upon due consideration, and using our best judgment on the entire record, we conclude that petitioners are entitled to deduct the following amounts as Schedule C expenses relating to petitioner husband's consulting activities: Item
Amount
Rent on business property
$ 1,600
Supplies
400
Utilities and telephone
500
See generally Cohan v. Commissioner, supra.
*446 Issue 3. Negligence
Respondent determined that petitioners are liable for an addition pursuant to section 6653(a)(1)(A) for negligence in failing to substantiate their deductions. Section 6653(a)(1)(A) provides that if any part of any understatement of tax required to be shown in a return is due to negligence or disregard of rules or regulations, an amount equal to 5 percent of the entire underpayment is to be added to the tax. Negligence, for the purpose of section 6653, is defined as "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964)). The Commissioner's determination of negligence is presumed correct, and the taxpayer has the burden of proving that it is erroneous. Rule 142(a); Luman v. Commissioner, supra at 860-861. Petitioners in the instant case have not met this burden. Petitioners proffered no evidence *447 to indicate that their failure to substantiate the deductions claimed was not negligent. Moreover, we conclude that claiming these deductions without proper substantiation was conduct that failed to comport with the actions of a reasonable and ordinarily prudent person under similar circumstances. Thus, we hold that petitioners are liable for an addition to tax for negligence pursuant to section 6653(a)(1)(A). Issue 4. Substantial Understatement of Tax
Respondent determined that petitioners are liable for additions to tax due to a substantial understatement of their tax liability pursuant to section 6661(a). Section 6661(a) imposes an addition to tax equal to 25 percent of any underpayment attributable to a substantial understatement of income tax. Generally, an understatement exists when the amount of tax shown on a taxpayer's return is less than the amount required to be shown on that return. Sec. 6661(b)(2)(A). For individuals, an understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the taxpayer's return. Sec. 6661(b)(1)(A). The amount of the understatement is reduced by items with respect to which *448 the taxpayer had substantial authority for his or her position, or for which relevant facts affecting tax treatment were adequately disclosed. Sec. 6661(b)(2)(B). Petitioners proffered no evidence showing that they had substantial authority for their position, and they did not adequately disclose their tax treatment of their unsubstantiated deductions. Accordingly, if, after the Rule 155 computation, there is a substantial understatement of petitioners' income tax within the meaning of section 6661(b)(1)(A), respondent's determination under section 6661(a) will be sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩